ENOS JOHNSON v. WILLIAM H. LEE.

*Homestead act—Remedy for unlawful ouster.*

Notice to a homesteader of proceedings against him under the homestead act covers such matters only as are alleged in the complaint, and under such notice these are the only questions that can be passed on by the Register of the United States Land-office, or, on appeal from him, by the Commissioner of the General Land-office and the Secretary of the Interior. And if a final ruling on a point not raised by the complaint shall have the effect of ousting the homesteader, he can file a bill in equity to compel a subsequent patentee, with notice, to convey to him.

Appeal from Emmet. Submitted October 5. Decided October 12.

BILL to compel conveyance. Complainant appeals from dismissal of bill. Reversed, and decree granted.

*White & Dodge* for complainant. A decision by the Secretary of the Interior is not conclusive and may be examined by a State court: *Boyce v. Danz* 29 Mich. 147; *Davis v. Filer* 40 Mich. 314; *Hedley v. Leonard* 35 Mich. 71; *Johnson v. Towsley* 13 Wal. 81.

*Pratt & Davis* for defendant. The ruling of the Secretary of the Interior upon the right to a homestead, is final: *Marquez v. Frisbie* 101 U. S. 473; *Shepley v. Cowan* 91 U. S. 340; *Moore v. Robbins* 96 U. S. 535.

MARSTON, C. J. The complainant in April, 1875, entered the lands in question under the United States homestead act. He afterwards made valuable permanent improvements thereon in buildings, clearing and fencing valued at from $300 to $500. Much of the work was done by the son-in-law of complainant, who resided upon the land, at the request and expense of the latter. The complainant resided upon the land a part of the time, and worked thereon, and a part of the time he resided in Gaines, Kent county, where he owned a farm and voted in the spring of 1876. While complainant and his wife were actually living upon the lands, and on the 19th day of June, 1876, the defendant made complaint to the register of the land-office that complainant had abandoned his entry for more than six months. Notice was given, a hearing had, and a decision was rendered in favor of the complainant which, on appeal to the Commissioner of the General Land-office, was affirmed, but on appeal therefrom to the Secretary of the Interior was reversed and complainant's entry cancelled. Defendant thereupon took possession and has since acquired the title under a patent to these lands, and the bill in this case is filed to compel defendant to convey the title so acquired to the complainant.

It is now claimed that the decision of the Secretary of the Interior was conclusive, and that this court cannot now inquire into the facts.

It appears from the decision of the interior department that the reversal was not because of an abandonment, but because on the hearing before the register complainant had testified, in speaking of his son-in-law and the work done by him upon the land, " I have intended to give him the land when I get my title,"—and the farther fact that complainant had resided with his family in another county and voted there in the spring of 1876, nearly a year subsequent to the

date of his entry. And the conclusion of the Secretary from these two facts was that complainant could not be considered a *bona fide* homestead claimant acting in good faith, but rather that he was seeking by a seeming compliance with the forms of law to obtain a tract of land for his son-in-law who had exhausted his homestead privileges.

The Supreme Court of the United States in several cases has passed upon the authority of the officers of the land department, when acting under the authority given by Congress. The effect is that their decisions are in general conclusive except when reconsidered by way of appeal within the department. That as to the facts on which their decision is based, in the absence of fraud or mistake, their decisions are conclusive even in courts of justice, when the title afterwards comes in question, while in their construction of the law applicable to the case their rulings may be reviewed and annulled by the courts. *Moore v. Robbins* 96 U. S. 535, and cases cited.

Without either recognizing or questioning the jurisdiction of the Secretary of the Interior in cases of abandonment under the homestead law, we may within the authorities referred to question the correctness of the conclusion arrived at by that officer in this case.

The charge made before the register against this complainant was that he had abandoned for more than six months the homestead entry made by him April 17, 1875, of the lands in question. The fifth section of the homestead act provides that the lands shall revert to the government if at any time before the expiration of the five years, it shall be proven after due notice to the settler, that the person shall have actually changed his residence, or abandoned the said land for more than six months at any time. No complaint was made that complainant had changed his residence, or that he intended to give or convey to some one else the benefit of his entry, even if the latter could have then been inquired into. The only question in issue under the notice was that of abandonment, and this was the only question that could have been or was inquired into by the

register, or could be considered on appeal by the officers of the department. And if they disposed of the case finally on other grounds, their jurisdiction in the premises was not appellate but original, and this it is not pretended has been conferred. The register on the hearing and the commissioner on appeal decided 'that complainant had not abandoned the land, and upon this ground there never was a reversal.

It clearly follows therefore that complainant is entitled to the relief prayed for and a decree will be rendered accordingly, reversing the decree below with full costs.

The other Justices concurred.